# SEALED

**Office of the United States Attorney**
District of Nevada
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
(702) 388-6336

1 | DANIEL G. BOGDEN
United States Attorney
2 | District of Nevada
ANDREW W. DUNCAN
3 | Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
4 | Las Vegas, Nevada  89101
702-388-6336

```
 FILED ___          ___ RECEIVED
 ENTERED ___        ___ SERVED ON
              COUNSEL/PARTIES OF RECORD

           FEB  1 9  ___

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
 BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

-oOo-

UNITED STATES OF AMERICA,               ) CRIMINAL INDICTMENT
                                        )
                    Plaintiff,          ) 2:13-cr- 070
                                        )
            vs.                         )
                                        ) **VIOLATIONS:** 18 U.S.C. §§ 1955,
                                        ) Conducting an Illegal Gambling Business;
ALLAN DOBKOWSKI,                        ) 1956(a)(1)(A), (a)(1)(B)(i), and (a)(1)(B)(ii),
FRANK EVANS, and                        ) Money Laundering; 18 U.S.C.§ 2, Aiding
PAUL YAVORSKI                           ) and Abetting; 18 U.S.C. § 371, Conspiracy;
                                        ) and 26 U.S.C. § 7206(1), Making and
                    Defendants.         ) Subscribing a False Tax Return
                                        )

**THE GRAND JURY CHARGES THAT:**

## COUNT ONE
### Conspiracy to Conduct an Illegal Gambling Business

1.    From a date unknown but beginning no later than in or about November 2006

and continuing through on or about April 14, 2009, in the District of Nevada and elsewhere,

**ALLAN DOBKOWSKI,**
**FRANK EVANS, AND**
**PAUL YAVORSKI**

the defendants herein, and others known and unknown to the Grand Jury, did willfully and

knowingly combine, conspire, confederate and agree together and with each other to knowingly

conduct, finance, manage, supervise, direct and own an illegal gambling business, involving

1 sports betting, said gambling business being in violation of Nevada Revised Statutes, Sections

2 463.160, 463.430, 464.010, 464.070 465.092 and 465.093, said gambling business involving

3 five or more persons in its conduct, management, financing, supervision, direction or

4 ownership, said gambling business having been in substantially continuous operation for a

5 period in excess of thirty (30) days, and said gambling business having a gross revenue in

6 excess of $2,000.00 on one or more days, in violation of Title 18, United States Code, Sections

7 1955, and thereafter performed one or more acts in furtherance of the object of their conspiracy.

### Overt Acts

9     2.     In furtherance of the above-described conspiracy, the defendants committed the

10 following overt acts:

11     a.   Between November 2006 and April 14, 2009, defendants Allan Dobkowski,

12 Frank Evans and Paul Yavorski operated a large scale illegal gambling business involving

13 unlicensed sports bookmaking, an illegal business under Nevada law. A sports bookmaking

14 operation is a business that accepts wagers on sporting events such as football, basketball,

15 baseball, and boxing.

16     b.   Frank Evans and Allan Dobkowski were the leaders of the business and Paul

17 Yavorski managed the offshore wagering activity. Evans was primarily responsible for

18 managing the agents and the pay and collect operations in the New York/New Jersey area.

19 Defendant Allan Dobkowski operated the wire room located in Las Vegas and ran the Las

20 Vegas operations.

21     c.   The illegal gambling business accepted wagers primarily from bettors located

22 in California, Nevada, New Jersey, and New York. To handle the volume of wagers that came

23 in, the defendants established a wire room located in Las Vegas, Nevada. The wire room was

24 manned by "writers" or "phone men" who accepted wagers from bettors. A writer or phone man

1  is a person employed by a sports book to relay line information and to accept telephone wagers

2  from bettors. The illegal gambling business employed or used Jason Baumgarten, Gregg Gariti,

3  Larry Ross, and Yamil Wilcorisky as writers or phone men in Las Vegas.

4        d. The bookmaking operation also employed agents who were responsible for a

5  group of accounts. When an agent brought in a new customer, the agent would contact one of

6  the defendants or Jason Baumgarten, who would set up a new account for the player. The

7  player would be assigned a moniker and the agent would advise as to the players per game and

8  per week wagering limits. Each agent was responsible for the account balances of all their

9  players and would be responsible for making payment to Dobkowski or Evans if the accounts

10 lost. The agents were compensated by Dobkowski or Evans, who paid them a certain

11 percentage of their players' losses.

12        e. The illegal gambling business also took wagers from clients through the

13 internet wagering site www.88sports.com, a race and sports book located in Costa Rica. The

14 organization paid a fee to the Costa Rican race and sports book and www.88sports.com

15 provided a set of customer accounts. When the organization acquired a new customer who

16 wanted to wager online, the organization set up the customer with a user ID and password that

17 gave the customer access to their account. The organization set betting limits on the customer's

18 accounts and the Costa Rican sports book tracked the client's wagering activity and maintained

19 win/loss figures for the operation.

20        f. Defendants Yavorski and Evans established the website www.456open.com,

21 located in Costa Rica, where players could place wagers online. The website managed all the

22 players wagering and account activity, but Yavorski and Evans were booking all the wagers

23 placed through the website. Yavorski was responsible for establishing all the new accounts at

24

3

1   www.456open.com, adjusting the wagering limits, and making the payments to the offshore

2   company.

3           g.   The defendants' illegal bookmaking and illegal gambling business involved

4   five or more persons who conducted, financed, managed, supervised, directed, or owned all or

5   part of the business, including but not limited to, Frank Evans, Allan Dobkowski, Jason

6   Baumgarten, Yamil Wilcorsky, Greg Garrity, and Theo Spyre.  Dobkowski and Evans operated

7   largely a cash business and would often meet their clients in person and settle up account

8   balances in cash.  In order to facilitate the collection of illegal gambling proceeds, clients of the

9   organization would sometimes deposit monies owed directly into bank accounts held by

10  Dobkowsi or Evans.  Additionally, Dobkowski and Evans frequently deposited illegal gambling

11  proceeds into their own and each other's bank accounts.  These transactions were made as part

12  of an attempt to launder proceeds from the operation to promote the operation and to conceal

13  the nature, control and ownership of the proceeds.

14          h.   The gross revenues for the illegal gambling business were greater than $2,000

15  per month and was a continuing operation for in excess of 30 days.

16          i.   None of the defendants or anyone in their illegal gambling business were

17  licensed by the state of Nevada to operate a gambling business.

18        All in violation of Title 18, United States Code, Section 371.

19                           **COUNT TWO**
    **Conducting An Illegal Gambling Business**

20      3.   In or about November 2006, to on or about April 14, 2009, in the State and

21  Federal District of Nevada,

22                       **ALLAN DOBKOWSKI,**
    **FRANK EVANS, AND**

23                       **PAUL YAVORSKI**

24

1    the defendants herein, and others known and unknown, did knowingly conduct, finance,

2    manage, supervise, direct and own an illegal gambling business, involving sports betting, said

3    gambling business being in violation of Nevada Revised Statutes, Sections 463.160, 463.430,

4    464.010, 464.070 465.092 and 465.093, said gambling business involving five or more persons

5    in its conduct, management, financing, supervision, direction or ownership, said gambling

6    business having been in substantially continuous operation for a period in excess of thirty (30)

7    days, and said gambling business having a gross revenue in excess of $2,000.00 on one or more

8    days.

9        All in violation of Title 18, United States Code, Sections 1955 and 2.

10            **COUNTS THREE-ELEVEN**
               **Money Laundering**

11      4.      Paragraph 2 of this Indictment is re-alleged and incorporated herein by reference.

12      5.      From on or about February 17, 2009 to March 11, 2009, in the State and Federal

13    District of Nevada and elsewhere,

14            **ALLAN DOBKOWSKI, AND**
               **FRANK EVANS**

15    defendants herein, knowing that the property involved in financial transactions represented the

16    proceeds of some form of unlawful activity, did conduct and attempt to conduct such financial

17    transactions with the intent to promote the carrying on of the specified unlawful activity, said

18    financial transactions being defendants ALLAN DOBKOWSKI and FRANK EVANS

19    depositing the below listed checks, each check constituting one count, into ALLAN

20    DOBKOWSKI'S checking account at Bank of America, account number XXXX XXXX 4215,

21    which financial transactions in fact involved the proceeds of a specified unlawful activity, said

22    specified unlawful activity being violations of Title 18, United States Code, Section 1955, as

23    described in Paragraph 2 of this Indictment.

24

<u>Count</u>

| 3 | Date and Amount of Deposit: 02/17/09 | $8,000 |
| 4 | Date and Amount of Deposit: 02/19/09 | $7,000 |
| 5 | Date and Amount of Deposit: 02/20/09 | $8,000 |
| 6 | Date and Amount of Deposit: 02/24/09 | $7,000 |
| 7 | Date and Amount of Deposit: 02/26/09 | $9,000 |
| 8 | Date and Amount of Deposit: 02/27/09 | $9,000 |
| 9 | Date and Amount of Deposit: 03/04/09 | $15,000 |
| 10 | Date and Amount of Deposit: 03/06/09 | $5,000 |
| 11 | Date and Amount of Deposit: 03/11/09 | $26,000 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A) and 2.

## COUNTS TWELVE-TWENTY
### Money Laundering

6.    Paragraph 2 of this Indictment is re-alleged and incorporated herein by reference.

7.    On or about February 17, 2009 to March 11, 2009, in the State and Federal District of Nevada and elsewhere,

### ALLAN DOBKOWSKI, AND
### FRANK EVANS

defendant herein, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such financial transactions to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, said financial transactions being defendants ALLAN DOBKOWSKI and FRANK EVANS depositing the below listed checks, each check constituting one count, into ALLAN DOBKOWSKI'S checking account at Bank of America, account number XXXX XXXX 4215, which financial transactions in fact involved the

6

proceeds of a specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1955, as described in Paragraph 2 of this Indictment.

Count

| 12 | Date and Amount of Deposit: 02/17/09 | $8,000 |
| 13 | Date and Amount of Deposit: 02/19/09 | $7,000 |
| 14 | Date and Amount of Deposit: 02/20/09 | $8,000 |
| 15 | Date and Amount of Deposit: 02/24/09 | $7,000 |
| 16 | Date and Amount of Deposit: 02/26/09 | $9,000 |
| 17 | Date and Amount of Deposit: 02/27/09 | $9,000 |
| 18 | Date and Amount of Deposit: 03/04/09 | $15,000 |
| 19 | Date and Amount of Deposit: 03/06/09 | $5,000 |
| 20 | Date and Amount of Deposit: 03/11/09 | $26,000 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNTS TWENTY ONE-TWENTY SEVEN
#### Money Laundering

8.      Paragraph 2 of this Indictment is re-alleged and incorporated herein by reference.

9.      On or about February 17, 2009 to March 11, 2009, in the State and Federal District of Nevada and elsewhere,

### ALLAN DOBKOWSKI, AND
### FRANK EVANS

defendant herein, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such financial transaction to avoid transaction reporting requirements under State or Federal law, said financial transaction being defendants ALLAN DOBKOWSKI and FRANK EVANS depositing the below listed checks, each check constituting one count, into ALLAN DOBKOWSKI'S checking account at Bank of America, account number XXXX XXXX 4215, which financial transactions

7

in fact involved the proceeds of a specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1955, as described in Paragraph 2 of this Indictment.

Count
| 21 | Date and Amount of Deposit: 02/17/09 | $8,000 |
| 22 | Date and Amount of Deposit: 02/19/09 | $7,000 |
| 23 | Date and Amount of Deposit: 02/20/09 | $8,000 |
| 24 | Date and Amount of Deposit: 02/24/09 | $7,000 |
| 25 | Date and Amount of Deposit: 02/26/09 | $9,000 |
| 26 | Date and Amount of Deposit: 02/27/09 | $9,000 |
| 27 | Date and Amount of Deposit: 03/06/09 | $5,000 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(ii) and 2.

## COUNT TWENTY EIGHT
### Money Laundering

10.     Paragraph 2 of this Indictment is re-alleged and incorporated herein by reference.

11.     On or about April 28, 2008, in the State and Federal District of Nevada and elsewhere,

**PAUL YAVORSKI**

defendant herein, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such financial transaction with the intent to promote the carrying on of the specified unlawful activity, said financial transaction being defendant PAUL YAVORSKI depositing a $5,000 check from Lawrence Roman's HSBC Bank Account into YAVORSKI'S checking account at Bank of America, account number XXXX XXXX 9650, which financial transactions in fact involved the

8

1  proceeds of a specified unlawful activity, said specified unlawful activity being violations of

2  Title 18, United States Code, Section 1955, as described in Paragraph 2 of this Indictment.

3       All in violation of Title 18, United States Code, Sections 1956(a)(1)(A) and 2.

4  ### COUNT TWENTY NINE
### Money Laundering

5      10.    Paragraph 2 of this Indictment is re-alleged and incorporated herein by

6  reference.

7      11.    On or about April 28, 2008, in the State and Federal District of Nevada and

8  elsewhere,

9  ### PAUL YAVORSKI

10  defendant herein, knowing that the property involved in a financial transaction represented the

11  proceeds of some form of unlawful activity, did conduct and attempt to conduct such financial

12  transaction with the intent to promote the carrying on of the specified unlawful activity, said

13  financial transaction being defendant PAUL YAVORSKI depositing a $5,000 check from

14  Lawrence Roman's HSBC Bank Account into YAVORSKI'S checking account at PNC Bank,

15  account number XX-XXXX-2299, which financial transactions in fact involved the proceeds of

16  a specified unlawful activity, said specified unlawful activity being violations of Title 18,

17  United States Code, Section 1955, as described in Paragraph 2 of this Indictment.

18       All in violation of Title 18, United States Code, Sections 1956(a)(1)(A) and 2.

19  ### COUNT THIRTY
### Money Laundering

20      10.    Paragraph 2 of this Indictment is re-alleged and incorporated herein by

21  reference.

22      11.    On or about April 23, 2008, in the State and Federal District of Nevada and

23  elsewhere,

24

**PAUL YAVORSKI**

defendant herein, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such financial transaction with the intent to promote the carrying on of the specified unlawful activity, said financial transaction being defendant PAUL YAVORSKI depositing a $5,000 check from Lawrence Roman's HSBC Bank Account into YAVORSKI'S checking account at Bank of America, account number XXXX XXXX 9650, which financial transactions in fact involved the proceeds of a specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1955, as described in Paragraph 2 of this Indictment.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A) and 2.

**COUNT THIRTY ONE**
**Making and Subscribing a False Return, Statement, or Other Document**

12.    During tax year 2007, Allan Dobkowski's primary source of income was through his illegal gambling business.

13.    During tax year 2007, Allan Dobkowski had gross income of $171,000 from his illegal gambling business.

14.    On his 2007 tax return, Dobkowski reported adjusted gross income of $12,500.00.

15.    On or about March 8, 2008, in the State and Federal District of Nevada,

**ALLAN DOBKOWSKI**

did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for tax year 2007, which was verified by written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. DOBKOWSKI prepared and signed the tax return in the District of Nevada and filed said tax return with the Internal Revenue Service, falsely reporting adjusted gross income of  $12,500.00 on line 43,

1   whereas, he then and there well knew and believed, he received income in addition to the

2   amount stated on the return.

3         All in violation of 26 United States Code, Section 7206(1).

4   **FORFEITURE ALLEGATION ONE**
(Conducting an Illegal Gambling Business and

5   Conspiracy to Conduct an Illegal Gambling Business)

6       1.    The allegations of Counts One and Two of this Criminal Indictment are hereby

7   realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to

8   Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section

9   2461(c).

10       2.    Upon a conviction of any felony offenses charged in Counts One and Two of this

11   Criminal Indictment,

12   **ALLAN DOBKOWSKI, FRANK EVANS, and**
**PAUL YAVORSKI,**

13   defendants herein, shall forfeit to the United States of America, any property, real or personal,

14   which constitutes or is derived from proceeds traceable to violations of Nevada Revised

15   Statutes, Sections 463.160, 463.430, 464.010, 464.070, 465.092, and 465.093; and Title 18,

16   United States Code, Section 1955, a specified unlawful activity as defined in Title 18, United

17   States Code, Sections 1956(c)(7)(A) and 1961(1)(B) or Title 18, United States Code, Section

18   371, conspiracy to commit such offenses, an *in personam* criminal forfeiture money judgment

19   of $5,100,000 in United States Currency, including:

20             1)    $2,000.00 in United States Currency;

21             2)    $430.13 in United States Currency;

22             3)    $3,145.42 in United States Currency;

23             4)    $10,345.25 in United States Currency;

24             5)    $58,951.42 in United States Currency;

11

6)      $1,000.65 in United States Currency;

7)      $818.33 in United States Currency;

8)      $30,045.00 in United States Currency;

9)      $1,903.48 in United States Currency;

10)     $49,205.27 in United States Currency;

11)     $4,000.00 in United States Currency;

12)     $53,500.00 in United States Currency;

13)     $7,638.45 in United States Currency;

14)     $5,891.45 in United States Currency;

15)     $5,884.68 in United States Currency;

16)     $64,361.89 in United States Currency;

17)     $34,535.00 in United States Currency;

18)     $2,400.00 in United States Currency;

19)     $9,088.28 in United States Currency;

20)     $22,038.49 in United States Currency;

21)     $5,664.61 in United States Currency;

22)     $2,078.12 in United States Currency; and

23)     $10,935.71 in United States Currency.

3.      If any property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants-

a)      cannot be located upon the exercise of due diligence;

b)      has been transferred or sold to, or deposited with, a third party;

c)      has been placed beyond the jurisdiction of the court;

12

d)     has been substantially diminished in value; or

e)     has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for the *in personam* criminal forfeiture money judgment of $5,100,000 in United States Currency.

All pursuant to Nevada Revised Statutes, Sections 463.160, 463.430, 464.010, 464.070, 465.092, and 465.093; Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 371 and 1955; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TWO
(Conducting an Illegal Gambling Business and
Conspiracy to Conduct an Illegal Gambling Business)

1.     The allegations of Counts One and Two of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1955(d) and Title 28, United States Code, Section 2461(c).

2.     Upon a conviction of any felony offenses charged in Counts One and Two of this Criminal Indictment,

### ALLAN DOBKOWSKI, FRANK EVANS, and
### PAUL YAVORSKI,

defendants herein, shall forfeit to the United States of America, any property, including money, used in violations of Nevada Revised Statutes, Sections 463.160, 463.430, 464.010, 464.070, 465.092, and 465.093; and Title 18, United States Code, Section 1955, an *in personam* criminal forfeiture money judgment of $5,100,000 in United States Currency, including:

1)     $2,000.00 in United States Currency;

13

2)   $430.13 in United States Currency;

3)   $3,145.42 in United States Currency;

4)   $10,345.25 in United States Currency;

5)   $58,951.42 in United States Currency;

6)   $1,000.65 in United States Currency;

7)   $818.33 in United States Currency;

8)   $30,045.00 in United States Currency;

9)   $1,903.48 in United States Currency;

10)  $49,205.27 in United States Currency;

11)  $4,000.00 in United States Currency;

12)  $53,500.00 in United States Currency;

13)  $7,638.45 in United States Currency;

14)  $5,891.45 in United States Currency;

15)  $5,884.68 in United States Currency;

16)  $64,361.89 in United States Currency;

17)  $34,535.00 in United States Currency;

18)  $2,400.00 in United States Currency;

19)  $9,088.28 in United States Currency;

20)  $22,038.49 in United States Currency;

21)  $5,664.61 in United States Currency;

22)  $2,078.12 in United States Currency; and

23)  $10,935.71 in United States Currency.

3.     If any property subject to forfeiture pursuant to Title 18, United States Code, Section 1955(d) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants-

a)     cannot be located upon the exercise of due diligence;

b)     has been transferred or sold to, or deposited with, a third party;

c)     has been placed beyond the jurisdiction of the court;

d)     has been substantially diminished in value; or

e)     has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for the *in personam* criminal forfeiture money judgment of $5,100,000 in United States Currency.

All pursuant to Nevada Revised Statutes, Sections 463.160, 463.430, 464.010, 464.070, 465.092, and 465.093; Title 18, United States Code, Section 1955 and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION THREE
(Money Laundering)

1.     The allegations of Counts Three through Twenty-Seven of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c).

2.     Upon a conviction of any felony offenses charged in Count Three through Twenty-Seven of this Criminal Indictment,

**ALLAN DOBKOWSKI AND FRANK EVANS,**

defendants herein, shall forfeit to the United States of America, any property, real or personal, involved in transactions or attempted transactions in violation of Title 18, United States Code, Section 1956(a)(1)(A), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii), or any property traceable to such property, an *in personam* criminal forfeiture money judgment of $1,330,000 in United States Currency, including:

1) $2,000.00 in United States Currency;

2) $430.13 in United States Currency;

3) $3,145.42 in United States Currency;

4) $10,345.25 in United States Currency;

5) $58,951.42 in United States Currency;

6) $1,000.65 in United States Currency;

7) $818.33 in United States Currency;

8) $30,045.00 in United States Currency;

9) $1,903.48 in United States Currency;

10) $49,205.27 in United States Currency;

11) $4,000.00 in United States Currency;

12) $53,500.00 in United States Currency;

13) $7,638.45 in United States Currency;

14) $5,891.45 in United States Currency;

15) $5,884.68 in United States Currency;

16) $64,361.89 in United States Currency;

17) $34,535.00 in United States Currency;

18) $2,400.00 in United States Currency;

19) $9,088.28 in United States Currency;

16

1       20)   $22,038.49 in United States Currency;

2       21)   $5,664.61 in United States Currency;

3       22)   $2,078.12 in United States Currency; and

4       23)   $10,935.71 in United States Currency.

5    3.    If any property subject to forfeiture pursuant to Title 18, United States Code,

6 Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c), as a result of any act or

7 omission of the defendants-

8       a)   cannot be located upon the exercise of due diligence;

9       b)   has been transferred or sold to, or deposited with, a third party;

10       c)   has been placed beyond the jurisdiction of the court;

11       d)   has been substantially diminished in value; or

12       e)   has been commingled with other property that cannot be divided

13        without difficulty;

14 it is the intent of the United States of America, pursuant to Title 21, United States Code, Section

15 853(p), to seek forfeiture of any properties of the defendants for the *in personam* criminal

16 forfeiture money judgment of $1,330,000 in United States Currency.

17    All pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United

18 States Code, Section 2461(c); Title 18, United States Code, Section 1956(a)(1)(A),

19 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii); and Title 21, United States Code, Section 853(p).

20 

**FORFEITURE ALLEGATION FOUR**
(Money Laundering)

21    1.    The allegations of Counts Three through Twenty-Seven of this Criminal

22 Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging

23 forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United

24 States Code, Section 2461(c).

17

2.     Upon a conviction of any felony offenses charged in Count Three through Twenty-Seven of this Criminal Indictment,

**ALLAN DOBKOWSKI AND FRANK EVANS,**

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1956(a)(1)(A), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii),     specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, an *in personam* criminal forfeiture money judgment of $1,330,000 in United States Currency, including:

1)     $2,000.00 in United States Currency;

2)     $430.13 in United States Currency;

3)     $3,145.42 in United States Currency;

4)     $10,345.25 in United States Currency;

5)     $58,951.42 in United States Currency;

6)     $1,000.65 in United States Currency;

7)     $818.33 in United States Currency;

8)     $30,045.00 in United States Currency;

9)     $1,903.48 in United States Currency;

10)     $49,205.27 in United States Currency;

11)     $4,000.00 in United States Currency;

12)     $53,500.00 in United States Currency;

13)     $7,638.45 in United States Currency;

14)     $5,891.45 in United States Currency;

15)     $5,884.68 in United States Currency;

16) $64,361.89 in United States Currency;

17) $34,535.00 in United States Currency;

18) $2,400.00 in United States Currency;

19) $9,088.28 in United States Currency;

20) $22,038.49 in United States Currency;

21) $5,664.61 in United States Currency;

22) $2,078.12 in United States Currency; and

23) $10,935.71 in United States Currency.

3.   If any property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants-

a)   cannot be located upon the exercise of due diligence;

b)   has been transferred or sold to, or deposited with, a third party;

c)   has been placed beyond the jurisdiction of the court;

d)   has been substantially diminished in value; or

e)   has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for the *in personam* criminal forfeiture money judgment of $1,330,000 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1956(a)(1)(A), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii); and Title 21, United States Code, Section 853(p).

**FORFEITURE ALLEGATION FIVE**
(Money Laundering)

1.   The allegations of Counts Three through Twenty-Seven of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1).

2.   Upon a conviction of any felony offenses charged in Count Three through Twenty-Seven of this Criminal Indictment,

**ALLAN DOBKOWSKI AND FRANK EVANS,**

defendants herein, shall forfeit to the United States of America, any property, real or personal, involved in violations of Title 18, United States Code, Section 1956(a)(1)(A), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii), or any property traceable to such property, an *in personam* criminal forfeiture money judgment of $1,330,000 in United States Currency, including:

1)   $2,000.00 in United States Currency;

2)   $430.13 in United States Currency;

3)   $3,145.42 in United States Currency;

4)   $10,345.25 in United States Currency;

5)   $58,951.42 in United States Currency;

6)   $1,000.65 in United States Currency;

7)   $818.33 in United States Currency;

8)   $30,045.00 in United States Currency;

9)   $1,903.48 in United States Currency;

10)   $49,205.27 in United States Currency;

11)   $4,000.00 in United States Currency;

12)   $53,500.00 in United States Currency;

13)   $7,638.45 in United States Currency;

14)   $5,891.45 in United States Currency;

15)   $5,884.68 in United States Currency;

16)   $64,361.89 in United States Currency;

17)   $34,535.00 in United States Currency;

18)   $2,400.00 in United States Currency;

19)   $9,088.28 in United States Currency;

20)   $22,038.49 in United States Currency;

21)   $5,664.61 in United States Currency;

22)   $2,078.12 in United States Currency; and

23)   $10,935.71 in United States Currency.

3.    If any property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants-

a)   cannot be located upon the exercise of due diligence;

b)   has been transferred or sold to, or deposited with, a third party;

c)   has been placed beyond the jurisdiction of the court;

d)   has been substantially diminished in value; or

e)   has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for the *in personam* criminal forfeiture money judgment of $1,330,000 in United States Currency.

All pursuant to Title 18, United States Code, Section 982(a)(1); Title 18, United States Code, Section 1956(a)(1)(A), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION SIX
(Money Laundering)

21

1.　　　The allegations in Count Twenty-Eight of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and Title 28, United States Code, Section 2461(c).

2.　　　Upon a conviction of the felony offense charged in Count Twenty-Eight of this Criminal Indictment,

**PAUL YAVORSKI,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, involved transactions or attempted transactions in violation of Title 18, United States Code, Section 1956(a)(1)(A) or any property traceable to such property:

　　　　　1)　　$5,891.45 in United States Currency;

　　　　　2)　　$5,884.68 in United States Currency;

　　　　　3)　　$64,361.89 in United States Currency;

　　　　　4)　　$34,535.00 in United States Currency;

　　　　　5)　　$2,400.00 in United States Currency;

　　　　　6)　　$9,088.28 in United States Currency; and

　　　　　7)　　an *in personam* criminal forfeiture money judgment of $85,000 in United States Currency.

3.　　　If any property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant-

　　　　　a)　　cannot be located upon the exercise of due diligence;

　　　　　b)　　has been transferred or sold to, or deposited with, a third party;

22

c)    has been placed beyond the jurisdiction of the court;

d)    has been substantially diminished in value; or

e)    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the *in personam* criminal forfeiture money judgment of $85,000 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1956(a)(1)(A); and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION SEVEN
(Money Laundering)

1.    The allegations in Count Twenty-Eight of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    Upon a conviction of the felony offense charged in Count Twenty-Eight of this Criminal Indictment,

**PAUL YAVORSKI,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1956(a)(1)(A):

1)    $5,891.45 in United States Currency;

2)    $5,884.68 in United States Currency;

3)    $64,361.89 in United States Currency;

4)    $34,535.00 in United States Currency;

5)    $2,400.00 in United States Currency;

6)    $9,088.28 in United States Currency, and

7)    an *in personam* criminal forfeiture money judgment of $85,000 in United States Currency.

3.    If any property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant-

a)    cannot be located upon the exercise of due diligence;

b)    has been transferred or sold to, or deposited with, a third party;

c)    has been placed beyond the jurisdiction of the court;

d)    has been substantially diminished in value; or

e)    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the *in personam* criminal forfeiture money judgment of $85,000 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1956(a)(1)(A); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION EIGHT
(Money Laundering)

1.    The allegations in Count Twenty-Eight of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1).

24

2.     Upon a conviction of the felony offense charged in Count Twenty-Eight of this Criminal Indictment,

**PAUL YAVORSKI,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, involved in violations of Title 18, United States Code, Section 1956(a)(1)(A), or any property traceable to such property:

    1) $5,891.45 in United States Currency;

    2) $5,884.68 in United States Currency;

    3) $64,361.89 in United States Currency;

    4) $34,535.00 in United States Currency;

    5) $2,400.00 in United States Currency;

    6) $9,088.28 in United States Currency, and

    7) an *in personam* criminal forfeiture money judgment of $85,000 in United States Currency.

3.     If any property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant-

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third party;

    c) has been placed beyond the jurisdiction of the court;

    d) has been substantially diminished in value; or

    e) has been commingled with other property that cannot be divided without difficulty;

1  it is the intent of the United States of America, pursuant to Title 21, United States Code, Section

2  853(p), to seek forfeiture of any properties of the defendant for the *in personam* criminal

3  forfeiture money judgment of $85,000 in United States Currency.

4      All pursuant to Title 18, United States Code, Section 982(a)(1); Title 18, United States

5  Code, Section 1956(a)(1)(A); and Title 21, United States Code, Section 853(p).

6      DATED: this 19th day of February, 2013

7          A TRUE BILL:

8                                   /s/

                             FOREPERSON OF THE GRAND JURY

9

10  DANIEL G. BOGDEN
   United States Attorney

11

12  ANDREW W. DUNCAN
   Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24